RECEIVED: 09/07/2007 03:01:06 PM

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>DARYL JANE JOHNSTON,<br><br>        Debtor.<br>_____<br><br>ROSE TOWNSEND TRUST,<br><br>        Plaintiff,<br><br>  vs.<br><br>DARYL JANE JOHNSTON, a single person, et al.,<br><br>        Defendants.<br>_____ | No. 05-09692-W13<br><br><br><br><br><br>No. 06-80040-PCW13<br><br><br><br><br><br>MEMORANDUM DECISION RE:<br>MOTION FOR STAY PENDING<br>APPEAL |

THIS MATTER came before the Court on August 13, 2007 on Defendant New Century Mortgage Corporation's (hereinafter "New Century") motion seeking a stay pending appeal. The issue is whether this Court should grant the motion and, if so, should the posting of a supersedeas bond be waived. This Court concludes that New Century's request for a stay pending appeal should be denied because New Century does not satisfy the four-part test required for a discretionary stay pending appeal. The facts are set forth below.

**I.  FACTS**

Defendants Johnston and Arney each hold a one-half interest in the residence which is the subject property of this matter. The Defendants own the home as joint tenants. In 1994, both Defendants signed a Deed of Trust on the property in favor of North American

MEMORANDUM DECISION RE: . . . - 1

Mortgage for the principal amount of $265,500.

On January 22, 1998, Plaintiff Rose Townsend Trust (hereinafter "Townsend") obtained two Spokane County State Court judgment liens against Defendant Johnston, totaling $76,847.31. The first judgment was in the amount of $76,147.37, with interest accruing at twelve (12) percent per annum from January 22, 1998, and was recorded with the Spokane County Auditor. The second judgment was in the amount of $700.00, with interest accruing at twelve (12) percent per annum from January 22, 1998, but was not recorded.

On July 16, 1999, Defendant Johnston filed a Chapter 7 bankruptcy proceeding. A discharge was entered on October 14, 1999, but two years later, Defendant Johnston's discharge was revoked due to fraud and concealment of property.

The Chapter 7 Trustee obtained a default judgment against Defendant Johnston on January 19, 2001. The default judgment amounted to $132,044.73. In that asset case, Townsend filed a Proof of Claim in the amount of $83,183.37. The amount was based upon its 1998 state court judgments. According to Townsend, the Proof of Claim was initially filed as unsecured because Townsend relied on the bankruptcy schedules, which listed the amount owed to North American Mortgage Company as $256,401.87 and the fair market value of the property at $284,400. Because Defendant Johnston was a joint tenant, the estate only had a one-half interest in the home. As a result, Townsend believed there was insufficient equity in the home to secure its judgment liens.

Defendant Arney also filed Chapter 7 bankruptcy and on January 19, 2001, the Chapter 7 Trustee obtained a default judgment

MEMORANDUM DECISION RE: . . . - 2

against Defendant Arney in the amount of $80,150.00. The Chapter 7 Trustee obtained the default judgment for concealment of estate property. Neither default judgment obtained by the Trustee against Defendants Johnston and Arney was recorded with the Spokane County Auditor.

On October 6, 2004, almost four years after entry of the judgments by the Chapter 7 Trustee against Defendants Arney and Johnston, the Defendants refinanced their shared home. For unknown reasons, Townsend's state court judgments and the Chapter 7 Trustee's bankruptcy judgments were not satisfied by the refinance. The refinance provided both debtors with a cash distribution totaling $81,270.89.

On April 6, 2005, about six months later, Defendants Johnston and Arney again refinanced the home, this time with New Century. New Century loaned Defendants Johnston and Arney $382,500. In return, New Century acquired a Deed of Trust on the subject property. The debtors jointly received $16,808.73 from the second refinance, but the title report relied upon by New Century did not reveal the existence of Townsend's judgments nor those held by the Chapter 7 Trustee. As a result, none of the judgments were satisfied.

On July 21, 2005, only three and a half months after refinancing, the Chapter 7 Trustee assigned the bankruptcy default judgments against Defendants Arney and Johnston to Townsend. A chain of title report issued in November, 2005, revealed the bankruptcy judgments and New Century's Deed of Trust. In addition, the title report revealed that Defendant Arney had filed a second Chapter 7 bankruptcy petition on October 13, 2005, and Defendant

MEMORANDUM DECISION RE: . . . - 3

Johnston filed for Chapter 13 bankruptcy on the same day. The schedules in both bankruptcy proceedings listed the New Century obligation at $382,5000 and the fair market value of the property at $425,000. Each Defendant claimed a one-half interest in the property. Neither Defendant, however, listed Townsend's two state court judgment liens in their respective schedules.

Townsend filed a secured Proof of Claim in Defendant Johnston's Chapter 13 proceeding in the amount of $206,973.79, but Johnston objected that the judgments held by Townsend did not constitute liens against the home. In response, Townsend filed this adversary proceeding on February 3, 2006, to determine if it held valid judgment liens resulting from the above four judgments – two state court judgments and two assigned bankruptcy default judgments – and whether either of the Defendants were entitled to a homestead exemption in the property.

On September 26, 2006, Townsend obtained an order from this Court declaring that the four judgments held by Townsend were superior to and had priority over New Century's Deed of Trust. After hearing oral argument, this Court entered an order granting Townsend's Motion for Summary Judgment, determining that Townsend had a first priority lien in the subject matter property, which is superior to New Century's Deed of Trust, and that neither Defendant Johnston nor Arney could claim homestead rights in the real property.

On October 6, 2006, New Century filed a notice of appeal relating to the summary judgment order and the appeal was transmitted to the U.S. District Court for the Eastern District of Washington. On the same day, New Century moved for a stay pending

MEMORANDUM DECISION RE: . . . - 4

appeal to stay all execution, foreclosure, or other enforcement of Townsend's four judgments. Townsend's reply requested that any stay authorized by this Court be accompanied by a supersedeas bond in the amount of $612,591.21. No hearing was requested on the motion to stay.

On April 2, 2007, six months after moving for a stay pending appeal, New Century filed for bankruptcy in the District of Delaware. On August 7, 2007, after the automatic stay had been lifted by the Delaware Bankruptcy Court, oral argument on the appeal was set for September 20, 2007. Nearly eleven (11) months after moving for a stay pending appeal, New Century requested a hearing regarding its motion for stay pending appeal and also asked that Townsend's request for a $612,591.21 supersedeas bond be denied.

## II. DISCUSSION

The issue is whether this Court should grant Defendant New Century's request for a discretionary stay pending appeal and, if so, should the posting of a supersedeas bond be waived. New Century requested the stay pending appeal pursuant to F.R.B.P. 8005. The purpose of Rule 8005 is to maintain the status quo by protecting "the property rights and interests of the parties stayed (i.e., decrease in the value of the interests affected)." *In re Victory Const. Co., Inc.*, 9 B.R. 570, 573 (Bankr. C.D. Cal. 1981). Here, New Century is seeking to prevent Townsend from foreclosing on the subject property prior to the completion of the appeal.

A bankruptcy court has discretion under F.R.B.P. 8005 whether to grant a stay pending appeal. *Scripps-Howard Radio, Inc. v.*

MEMORANDUM DECISION RE: . . . - 5

*Federal Communications Commission*, 316 U.S. 4, 10 (1942); *In re Byrd,* 172 B.R. 970 (Bankr. W.D. Wash. 1994). The Ninth Circuit recognizes the authority of federal courts to stay judgments and orders pending appeal. *See In re Wymer*, 5 B.R. 802, 804 (9th Cir. B.A.P. 1980) (noting the various types of stays).

New Century may obtain a discretionary stay pending appeal without posting a supersedeas bond, so long as it meets the necessary requirements. The Ninth Circuit has adopted a four-part test for determining if a discretionary stay should be granted. The discretionary stay is appropriate if: (1) appellant is likely to succeed on the merits of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will not harm public interest. *In re Wymer*, *supra,* at p. 806 (citing *Schwartz v. Covington*, 341 F.2d 537 (9th Cir. 1965) and *In re Byrd*, *supra*). While the first three parts are in dispute, the public interest part is not a factor because the current matter only involves two private creditors.

**A. New Century is Unlikely to Succeed on the Merits of the Appeal.**

Under the first factor, New Century argues that it only needs to show a substantial case on the merits because serious legal questions are raised and the balance of the equities tips sharply in its favor. In support of its position, New Century relies upon Fifth Circuit cases that are not controlling in this District. *See Ruiz v. Estelle*, 650 F.2d 555 (5th Cir. 1981) (applying the standard to the Federal Rules of Civil Procedure); *see also Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001) (applying the standard to a request for a stay of an order for remand).

MEMORANDUM DECISION RE: . . . - 6

Although New Century suggests that *Lopez v. Heckler*, 713 F.2d 1432 (9th Cir. 1983), *rev'd on other grounds*, 469 U.S. 1082 (1984), applies a preliminary injunction standard to all cases evaluating stays pending appeal, *Lopez* is not a bankruptcy court case and does not rely upon F.R.B.P. 8005. *See Hilton v. Braunskill*, 481 U.S. 770 (1987) (applying the preliminary injunction standard to the Federal Rules of Civil Procedure). *Cf. Continental Securities Corp. v. Shenandoah Nursing Home Partnership*, 188 B.R. 205, 208 (W.D. Va. 1995) (clearly stating that "the Fourth Circuit requires a party seeking a stay to meet the same criteria movants for a preliminary injunction must meet in seeking their relief."); *but see In re Zaleha*, 162 B.R. 309, 317-18 (Bankr. D. Idaho 1993) (adopting the preliminary injunction standard). Instead, *Lopez, supra,* and its supporting authority apply the standard to non-bankruptcy proceedings involving interlocutory appeals for preliminary injunctions. As a result, New Century must do more than merely present a substantial case on the merits, it must show that it is likely to succeed on the merits.

New Century presented a number of arguments on summary judgment, including judicial estoppel, waiver, equitable subordination, and recording. This Court found each of these arguments unpersuasive. With regard to judicial estoppel, this Court found that Townsend's filing of an unsecured Proof of Claim in the 1999 Johnston Chapter 7 was not inconsistent with its later argument it was secured under state law. In addition, that unsecured Proof of Claim was not inconsistent with Townsend's later claim of a first position perfected lien in this adversary proceeding. Also, the judicial estoppel argument was rejected

MEMORANDUM DECISION RE: . . . - 7

because Townsend did not obtain an unfair benefit from the alleged inconsistency. New Century also argued that by waiving any right to participate in the distribution from the Chapter 7 liquidation, Townsend waived the right to now enforce its claim under the state court judgments. New Century, however, did not cite any controlling authority for the proposition that the waiver of a claim against a bankruptcy estate operates as a waiver of that claim against non-debtor third parties such as New Century.

With regard to New Century's equitable subordination argument, New Century did not reference, and the evidence did not reveal, any improper or inequitable conduct on behalf of Townsend or the Chapter 7 Trustee who obtained the judgments.

Finally, Townsend's state court judgment in the amount of $76,147.31 was both entered by the state court and recorded in the Spokane County Auditor's office. New Century's reliance on a preliminary title report, which does not reveal the existence of this judgment, is no basis for concluding that Townsend's judgment lien is inferior to New Century's Deed of Trust.[1] In addition, RCW 4.56.190 provides that every judgment of a Superior Court creates a lien upon real property. Judgment liens commence "from the time of entry or filing." RCW 4.56.200 (2007). Recording with the Country Auditor is not necessary to perfect, effectuate, or attach the lien.

With regard to the two judgments entered by this Court, RCW 4.56.200(1) states federal district court judgments create

---

[1] This Court is unaware of whether New Century had title insurance and, if so, whether New Century has filed a claim against any insurer.

MEMORANDUM DECISION RE: . . . - 8

judgment liens upon real estate of the judgment debtor, in the federal district, at the time the judgment is filed. *See also* 28 U.S.C. § 151 and E.D. Wash. Local Rules 77.1 and 83.5 (referring to the location and status of this Court as a section of the Federal District Court for the Eastern District of Washington).

The conclusion of this Court was that the two 1998 state court judgments became enforceable judgment liens against the subject property upon entry by the state court, and that the two 2001 judgments entered by this Court became enforceable judgment liens against the subject property upon entry by this Court. No further recording was necessary.

In order to succeed on the merits of the appeal, New Century must overturn this Court's conclusions regarding the summary judgment motion. It is not likely that New Century will be able to do so.

**B.  New Century Will Not Suffer Irreparable Harm.**

Under the second factor, New Century argues that Townsend could complete foreclosure proceedings before the District Court decides the appeal, which would render the matter moot. Although an appeal becomes moot when the assets in a dispute are sold, the Ninth Circuit has not held that mootness constitutes an irreparable injury. In *In re Ewell*, 958 F.2d 276, 279 (9th Cir. 1992), the Ninth Circuit did state that the sale of estate property does render an appeal moot because the Court would be unable to restore the status quo. Regardless, neither *Ewell, supra,* nor any subsequent Ninth Circuit case has held that mootness constitutes an irreparable injury. *Cf. In re Fullmer*, 323 B.R. 287, 304 (Bankr. D. Nev. 2005) (holding that "the risk an appeal may become moot

MEMORANDUM DECISION RE: . . . - 9

does not by itself constitute irreparable injury."). Consequently, New Century cannot simply rely on the potential mootness of the matter to satisfy the irreparable injury requirement.

Even if mootness constitutes an irreparable injury, New Century's argument is no longer valid. The motion for stay pending appeal was filed approximately eleven (11) months ago. The oral argument regarding the merits of the appeal is scheduled for September 20, 2007. The initial lack of action regarding that motion and the scheduling of oral argument on the appeal may have eliminated the possibility that Townsend could foreclose the judgment liens pursuant to RCW 6.21, *et. seq.*, prior to an appellate decision. Foreclosure could not be accomplished in less than thirty (30) days and, as a practical matter, would generally require about sixty (60) days. *See* RCW 6.21.030.

Further, Defendant Johnston's confirmed Chapter 13 plan states that Defendant Johnston will continue to make $1,300 monthly payments to New Century. New Century is receiving regular payments under its Deed of Trust whereas Townsend is not receiving any payments on the judgments. As a result, New Century will not suffer irreparable harm.

**C. Substantial Harm Will Come to Townsend.**

In addition to proving irreparable harm to itself, New Century must show that Townsend will not suffer a substantial injury from the stay. New Century argues that recent housing trends and future outlooks suggests that the subject property will continue to appreciate in value, thus protecting Townsend.

According to RCW 4.56.110 and 19.52.020, statutory interest on judgments accrue at an annual rate of twelve percent (12%).

MEMORANDUM DECISION RE: . . . - 10

Evidence submitted by New Century demonstrates that home prices in the Spokane metropolitan statistical area increased 10.4 percent (10.4%) in the second quarter of 2007, when compared to the second quarter of 2006, and that the estimated yearly rate of appreciation for 2007 is approximately six percent (6%). This appreciation does not equal the interest accruing on the judgments. As Townsend receives no payments from the debtors and New Century does receive regular monthly payments from the debtor, there is harm to Townsend resulting from its inability to foreclose.

### III. CONCLUSION

This Court concludes that New Century's request for a stay pending appeal is **DENIED** because New Century does not satisfy the four-part test required for a discretionary stay pending appeal. New Century is unlikely to succeed on the merits of the appeal and will not suffer irreparable harm. In addition, Townsend would be substantially harmed from the imposition of a stay. New Century's Motion for Stay Pending Appeal is **DENIED**.

09/07/2007 03:06:13 PM

*Patricia C. Williams*
**Patricia C. Williams**
**Bankruptcy Judge**

MEMORANDUM DECISION RE: . . . - 11